2024 PA Super 120

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PAULA CROSS | : | |
| | : | |
| Appellant | : | No. 926 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 14, 2023
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001694-2020

BEFORE:   KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

OPINION BY KUNSELMAN, J.:                    **FILED: June 7, 2024**

Paula Cross appeals from a partial judgment of sentence that the trial court imposed after a jury convicted her of unlawfully possessing four guns.[1] However, the trial court has not resolved 19 other charges against her. Thus, the partial sentence is interlocutory; we quash this appeal as premature.

Because we resolve the issue of our appellate jurisdiction on procedural grounds, a detailed recitation of the underlying facts is unnecessary. Briefly, in 2013 Cross pleaded guilty to possessing drugs with intent to deliver. As a result, under Pennsylvania law, she forfeited her right to possess firearms.

Six years later, Cross and Michale Trosky stole three guns from the home of Cross's late uncle. Cross stole a fourth gun from her brother. Cross and Trosky traded the guns to Michael Burchfield for drugs. Police eventually arrested Burchfield and other co-conspirators. They confessed and implicated Cross and Trosky for their roles in the criminal enterprise.

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 6105(a)(1).

After Cross's arrest, the Commonwealth charged her at docket number CP-07-CR-0001694-2020 with 23 counts: conspiring to deal in the proceeds of a crime; four counts of unlawfully possessing a firearm; two counts of delivering a gun after 48 hours; four counts of receiving stolen property; possessing meth with intent to deliver; four counts of criminal use of a communication facility; four counts of dealing in the proceeds of a crime; and three counts possessing various drugs.[2] **See** Commonwealth's Information at 1-5. The Commonwealth also gave notice that it intended to try Cross jointly with her co-conspirators (*i.e.*, Trosky, Burchfield, Summer Heil, Amanda Steele, and Denise Feather). **See id.** at 6.

On November 29, 2020, Cross filed an unopposed motion to sever the four counts of unlawfully possessing a firearm from her other 19 charges. The trial court granted Cross's request.

The severed counts proceeded to trial, and the jury convicted Cross on all four counts. On July 14, 2023, the trial court sentenced her to two to four years of incarceration. Cross appealed to this Court, even though 19 counts remained pending on the criminal-court trial list.

Upon receiving Cross' appeal, this Court issued her a rule to show cause, asking why we should not quash the appeal as interlocutory. We observed

---

[2] **See** 18 Pa.C.S.A. §§ 903, 5111(a)(1), 6105(a)(1), 6111(a)(1), 3925(a), and 7512(a); and 35 Pa.C.S.A. §§ 780-113(a)(16),(30). Also, the record reflects that the Commonwealth brought additional, related counts against Cross at docket numbers CP-07-CR-0001695-2020 and CP-07-CR-0001696-2020. Those additional counts and docket numbers are not at issue in this appeal.

that the trial court's sentence on four out of 23 counts did not resolve all of the Commonwealth's claims. Thus, the partial sentence did not appear to be a final order from which an appeal would lie. Cross replied to our show-cause order. We discharged the rule, and the issue of appellate jurisdiction was referred to this panel for resolution.

This Court may raise "the issue of [appellate] jurisdiction *sua sponte*." ***Commonwealth v. Grove***, 170 A.3d 1127, 1136–37 (Pa. Super. 2017). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." ***Commonwealth v. Seiders***, 11 A.3d 495, 496–97 (Pa. Super. 2010).

Typically, appellate jurisdiction extends to "final orders of the courts of common pleas." 42 Pa.C.S.A. § 742. A final order "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Accordingly, a criminal defendant "may appeal only from a *final* judgment of sentence, and an appeal from any prior order or judgment will be quashed." ***Commonwealth v. Parker***, 173 A.3d 294, 296 (Pa. Super. 2017) (emphasis added).

Here, the trial court's sentence, imposed on four out of 23 charges, does not dispose of all the claims that the Commonwealth filed against Cross. Hence, the sentence does *not* dispose of all claims and all parties. A partial sentence neither meets the definition of a final order under Rule of Appellate Procedure 341(b)(1) nor constitutes a *final* judgment of sentence from which an appeal will lie. ***See Parker***, 173 A.3d at 296.

- 3 -

Indeed, this Court has held that an order imposing a sentence on some, but not all counts, is unappealable. *See Commonwealth v. Culsoir*, 209 A.3d 433, 435 (Pa. Super. 2019). In *Culsoir*, a defendant pleaded guilty to three offenses. The trial court sentenced him on the count of indecent assault, but it deferred sentencing on his remaining counts for seven months. Rather than appealing from the indecent-assault sentence, Culsoir waited until the trial court sentenced him on the remaining two counts.

On appeal, this Court asked whether our jurisdiction extended to the indecent-assault count, because Culsoir waited more than 30 days after the trial court sentenced him. Generally, failure to file the appeal within 30 days of final order "divests the appellate court of its jurisdiction to hear the appeal." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). Therefore, if the indecent-assault sentence was a final order, this Court would have lacked appellate jurisdiction over an appeal from it. We found it was not a final order.

As we explained, Pennsylvania courts favor "limiting appellate review to final orders [which] not only prevents piecemeal appeals and protracted litigation, but also promotes judicial accuracy." *Culsoir*, 209 A.3d at 435 (quotation omitted). "Accuracy is enhanced when the appellate court can consider the claim in the context of a complete adjudication and a fully developed record." *Id.* (quotation omitted). Moreover, if "*any* judgment of sentence is immediately appealable, it would render the definition of a final order contained in Rule 341(b)(1) irrelevant." *Id.* at 436. Therefore, the

*Culsoir* Court declined to adopt such a construction of the rules that would render Rule 341(b)(1) inoperable.

Instead, we held that "any final order must dispose of **all** . . . charges." *Id.* (emphasis added). Because the indecent-assault sentence did not dispose of all outstanding counts, an appeal from that sentence "would have been premature and interlocutory." *Id.* at 437. We concluded that Culsoir properly waited to appeal from the final judgment of sentence, which disposed of all the counts against him.

Here, by contrast, Cross appealed from an order that only resolved four the Commonwealth's 23 claims at docket number CP-07-CR-0001694-2020. The other 19 claims filed at CP-07-CR-0001694-2020 "remain pending on the criminal-court trial list . . . ." Trial Court Opinion, 10/5/23, at 1. Thus, under *Culsoir*, this appeal is premature and interlocutory.[3]

In Cross's reply to our show-cause order, she attempts to distinguish her appeal from *Culsoir*. **See** Cross's Response to Order to Show Cause at 1-2. According to Cross, her appeal is procedurally distinct, because the trial court severed the four counts for possessing stolen firearms from her other 19 charges. That severance, however, applied only to ensure Cross's right to a fair trial; the severance did not extend to Cross's right of appeal. As Pennsylvania Rule of Criminal Procedure 583 indicates, a trial court's authority

---

[3] We express no opinion on the appealability of a judgment of sentence that resolves all the counts at one docket number, if all those counts are severed from counts pending at other docket numbers against the same defendant.

to grant a severance is limited to the trial of joined charges or codefendants, not the subsequent appeal.

The Rule provides, "The court may order **separate trials** of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583 (emphasis added). In fact, the prejudice that the Rule focuses upon is the prejudice that arises "from offenses or defendants **being tried together**." **Id.** (emphasis added). Rule 583 does not state that the sentence following a severed trial is immediately appealable, apart from the other counts that remain unresolved in the trial court.

In fact, as the definition of "severance" makes clear, a severance only creates a separate proceeding and an appealable order in the civil context. BLACK'S LAW DICTIONARY defines "severance," in relevant part, as follows:

> **severance,** *n.* . . . **2.** *Civil procedure.* The separation, by the court, of multiple parties' claims whether to permit separate actions on each claim or to allow certain interlocutory orders to become final . . . **3.** *Criminal procedure.* The separation of criminal charges or criminal defendants **for trial**, as when codefendants have conflicting defenses so that prejudice might result to one or more of them.

BLACK'S LAW DICTIONARY at 1583 (10th ed. 2014) (emphasis added).

By definition, a severance in the criminal context protects a defendant from the possible prejudice that might arise if a single jury considered all the facts and charges simultaneously. **See** Pa.R.Crim.P. 583. We hold that, in

the criminal context, the procedural implications of a severance are limited to the trial itself.[4]

A severance of some criminal charges has no bearing on our appellate jurisdiction, even where, as here, the trial court has proceeded to sentence a defendant on the severed charges. In order to avoid piecemeal appeals and to assure more judicial accuracy, this Court's appellate jurisdiction only vests from **_final_** judgments of sentence, not partial sentences. **_See Culsoir_**, **_supra_**.

Hence, Cross's reliance upon the order of severance to distinguish her appeal from **_Culsoir_** is misplaced.[5] She appealed from an interlocutory order that resolved only a fraction of the Commonwealth's claims against her. As such, we lack appellate jurisdiction over the appealed-from order.

Appeal quashed.

_____

[4] For severance in the civil context and its impact on our appellate jurisdiction over interlocutory orders, see **_Kaiser v. Meinzer_**, 414 A.2d 1080, 1085 (Pa. Super. 1979) (noting that "a severance of actions effects a splitting of them into one or more independent actions for all purposes, including trial and appellate procedure.").

[5] We also note that Cross claims, if we do not review the appealed-from order now, she will suffer prejudice. Cross suggests that deciding whether to plead guilty or proceed to trial will be rendered more difficult without knowing the outcome of this appeal. **_See_** Cross's Response to Order to Show Cause at 2. However, she cites no law to support that contention, nor does our research reveal any. Whatever challenges Cross might face in future plea discussions with the Commonwealth, her inability to predict the final outcome of four out of 23 counts does not give her a right of appeal from an interlocutory order. Nor did she petition this Court for permission to appeal from the interlocutory order under Pa.R.A.P. 312.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/07/2024