J-A27015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARILYN L. BOSLEY, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JOHN ELMER BOSLEY | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| YORK HOSPITAL AND WELLSPAN HEALTH | : : | No. 443 MDA 2024 |

Appeal from the Judgment Entered March 21, 2024
In the Court of Common Pleas of York County Civil Division at No(s):
2015-SU-003881-82

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY KUNSELMAN, J.:　　　　**FILED: NOVEMBER 25, 2024**

Marilyn Bosley appeals an order granting partial summary judgment to the Defendants, York Hospital and WellSpan Health ("the Hospital").  Because that order is not final, we quash.

In 2013, Mrs. Bosley's husband, John Bosley, underwent surgery at the Hospital.  In 2015, Mr. and Mrs. Bosley sued the Hospital on counts of (1) corporate negligence and (2) loss of consortium.  They sought various types of consequential damages, as well as punitive damages.  When Mr. Bosley died, Mrs. Bosley substituted as the Administratrix of his estate.

After discovery closed, the Hospital moved for summary judgment.  The trial court granted partial relief.  It barred damage theories of pain, suffering, inconvenience, mental distress, and punitive damages.  However, the order did not dismiss either count.  *See* T.C.O., 1/23/24, at 1-2.  Mrs. Bosley asked the court to certify its grant of partial summary judgment as a "final order."

The trial court complied but observed, "there is a jurisdictional issue to be resolved [*i.e.*,] whether the January 23, 2024 Order is a 'final' order subject to interlocutory appeal pursuant to Pa.R.A.P. 341(c)." Trial Court Opinion, 5/13/24, at 2. As we explain, it is not.

"This Court may raise the issue of appellate jurisdiction *sua sponte.*" **Commonwealth v. Cross**, 317 A.3d 655, 657 (Pa. Super. 2024) (some punctuation omitted). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." **Id.**

Typically, the appellate jurisdiction of this Court extends to "final orders of the courts of common pleas." 42 Pa.C.S.A. § 742. The summary-judgment order disposed of no claims and no parties. Thus, it is not a "final order" under Pa.R.A.P. 341(b)(1). Even so, an interlocutory order may be "entered as a final order pursuant to subdivision (c) of this rule." Pa.R.A.P. 341(b)(3).

Under that subdivision, the trial court "may enter a final order as to one or more but fewer than all of the claims . . . only [when] an immediate appeal would facilitate resolution of the **entire** case." Pa.R.A.P. 341(c) (emphasis added). A finality certification "should be made only in the most extraordinary circumstances, because such action would frustrate the purpose of the amendments to the Rule" and lead to piecemeal appeals. **Bailey v. RAS Auto Body, Inc.**, 85 A.3d 1064, 1069 (Pa. Super. 2014).

Courts must weigh four factors before certifying an order as final: "(1) whether there is a significant relationship between adjudicated and unadjudicated claims; (2) whether there is a possibility that an appeal would

be mooted by further developments; (3) whether there is a possibility that the court . . . will consider issues a second time; and (4) whether an immediate appeal will enhance prospects of settlement." Pa.R.A.P. 341 Comment. Here, those factors do not indicate finality in the partial summary-judgment order.

First, the relationship between the dismissed damages theories and the remaining negligence counts is not substantial. The dismissed damages are the outer limits of Mrs. Bosley's potential remedy, but they have no implication on whether the Hospital acted negligently. As such, no decision by this Court on the scope of Mrs. Bosley's damages will determine if the Hospital was negligent. Hence, this appeal will not resolve the **entire** case, regardless of what we decide. There is no finality under the first factor.

Second, the trial court correctly held that the mootness factor "does not favor a finding of finality." Trial Court Opinion, 3/21/24, at 7. A "jury's finding of no negligence would, indeed, moot any issue" regarding damages. **Id.** The jury's ability to moot this appeal entirely strongly favors quashal, because this Court may never need to decide the issues raised here.

Third, although the trial court weighed this factor in favor of finality, we disagree. The court stated there "are at least two other cases arising from the same factual background as this case" on its docket. **Id.** at 8. However, those cases are outside the certified record and, therefore, beyond this Court's scope of review. **See**, **e.g., In re J.F.**, 27 A.3d 1017, 1024 n.10 (Pa. Super. 2011). Moreover, a trial court's ability to dispose of future cases will not resolve **this case** in its entirety. Thus, the third factor does not favor finality.

Fourth, the trial court believes that this appeal will lead to settlement, because "the parties will know prior to heading into a trial where they stand." Trial Court Opinion, 3/21/24, at 10. In its view, Mrs. Bosley's remaining damages "are nominal at best" and "probably not worth taking to trial in the face of a reasonable settlement offer." *Id.* at 9.

The trial court is better positioned to predict a settlement than we are. We therefore accept its conclusion regarding the fourth factor that deciding Mrs. Bosley's appeal now would increase the chances of settlement. Even so, no court can guarantee settlement, because the parties unilaterally decide, for reasons known only to themselves, whether to settle a case. Thus, we hold that the likelihood-of-settlement factor does not outweigh the other three factors, which strongly disfavor a finding of finality.

Because three Rule 341(c) factors disfavor finality, we quash.

Appeal quashed. Case stricken from the argument list.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/25/2024