J-S32015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| A.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S.C.B. | : | |
| | : | |
| Appellant | : | No. 455 EDA 2024 |

Appeal from the Order Entered February 1, 2024
In the Court of Common Pleas of Delaware County
Civil Division at No: CV-2023-080866

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:　　　　　**FILED DECEMBER 19, 2024**

Appellant, S.C.B., appeals *pro se* from the February 1, 2024 order entered in the Court of Common Pleas of Delaware County that denied his petition to vacate an order entered against him under the Protection From Abuse ("PFA") Act, 23 Pa.C.S.A. §§ 6101-6122. Upon review, we quash the appeal.

On May 19, 2023, Appellee, A.B., filed a PFA petition on behalf of herself and the parties' child, alleging Appellant was physically abusive to her. She was granted a temporary PFA order the same day. On May 25, 2023, after a hearing, Judge Atinuke B. Moss entered a three-year final PFA order against Appellant prohibiting Appellant from seeing Appellee and their child. Appellant did not file a timely appeal from the May 25, 2023 final PFA order.

On December 11, 2023, Appellant filed a petition to vacate the May 25, 2023 final PFA order. Appellant asserted that he was denied due process

because he was incarcerated at the time of the PFA hearing and was not brought into court. Following a hearing, on February 1, 2024, the court denied Appellant's petition to vacate the final PFA order. Thereafter, Appellant filed a notice of appeal.

After filing a notice of appeal, Appellant filed a petition to modify the PFA order, which was identical to the petition to vacate previously filed, and a petition for civil contempt. On March 5, 2024, after a hearing, Judge Rachel Berry granted Appellant's petition, vacated the May 25, 2023 final PFA order and reinstated the May 19, 2023 temporary PFA order. On March 28, 2024, the court extended the temporary PFA order until further order of court and scheduled a hearing for June 13, 2024. There is no information in the certified record as to whether the scheduled hearing occurred or any disposition as a result of such hearing.

Before we consider the merits, we must address a preliminary issue – whether we have jurisdiction over this appeal. "This Court may consider the issue of jurisdiction *sua sponte*." **Commonwealth v. Grove**, 170 A.3d 1127, 1136-37 (Pa. Super. 2017), *appeal denied*, 185 A.3d 967 (Pa. 2018) (citation omitted). This Court "will not consider the merits of a judgment of a lower court if that court lacked jurisdiction to render the judgment." **In re J.M.Y.**, 218 A.3d 404, 415 (Pa. 2019). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review is plenary." **Commonwealth v. Cross**, 317 A.3d 655, 657 (Pa. Super. 2024) (citation omitted).

On appeal, Appellant principally challenges the *granting* of the final PFA order, and not the *denial* of his petition to vacate. ***See*** Appellant's Brief at 1-5. This is evidenced by Appellant's requested relief: (1) hold Appellee in contempt for violating the PFA; (2) dismiss the PFA order; and (3) charge Appellee for filing a frivolous PFA petition. ***Id.*** at 5. To the extent Appellant is challenging the granting of the final PFA order, we lack jurisdiction because he failed to file an appeal within 30 days of date the PFA order was entered. ***See*** Pa.R.A.P. 903(a) (a notice of appeal must be "filed within 30 days after entry of the order from which the appeal is taken.").

Although not developed by Appellant in his brief, we decline to find Appellant waived his challenge to the *denial* of his petition to vacate. In its Rule 1925(a) opinion, the trial court found Appellant's petition to vacate untimely, citing 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court . . . may modify or rescind any order within 30 days after its entry . . . if no appeal from such order has been taken or allowed."). ***See*** Trial Court Opinion, 4/25/24, at 2. As a result of the untimeliness, the trial court determined that it lacked jurisdiction to entertain the petition. ***See id.*** Therefore, we must determine whether the trial court erred as a matter of law.

Initially, we note that there is a distinction between *modification* and *vacation* of a final order. The PFA Act provides that either party "may seek *modification* of an order . . . at any time during the pendency of an order." 23 Pa.C.S.A. § 6117(a) (emphasis added). Once a final PFA order is entered,

- 3 -

either party may petition the court to *modify* the final order and request the order to expire at an earlier date. **See** Pa.R.Civ.P. 1901.8(c) (emphasis added).

However, the comment to Rule 1901.8 explains that "[a]fter a final protection order is entered, and no motion to reconsider or appeal is filed, the court no longer retains jurisdiction to *vacate* that order." Pa.R.Civ.P. 1901.8, Explanatory Comment, 2013 (citing **Commonwealth v. Charnik**, 921 A.2d 1214, 1217 n.3 (Pa. Super. 2007)). While Section 5505 was not explicitly cited, the **Charnik** court noted that "[o]nce a final order or judgment is entered, an appeal must be filed within 30 days, or the trial court must expressly grant reconsideration within 30 days." **Charnik**, 921 A.2d at 1217 n.3. The language used by the **Charnik** court tracks the language of Section 5505.

Here, a final PFA order was entered on May 25, 2023. Appellant did not file a motion to reconsider or an appeal. Rather, he filed a petition to vacate on December 11, 2023 – well beyond the 30-day period to do so. Accordingly, we conclude that the trial court properly denied Appellant's petition to vacate the final PFA order as it lacked jurisdiction to do so. This Court similarly lacks jurisdiction; therefore, we quash the appeal. **In re J.M.Y., supra.**

Even if we had jurisdiction, we would dismiss the appeal as moot. We have explained the doctrine of mootness as follows:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due

- 4 -

to the intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

**M.B.S. v. W.E.**, 232 A.3d 922, 927 (Pa. Super. 2020) (citation omitted). Mootness may be raised *sua sponte* because this Court "cannot decide moot or abstract questions, nor can we enter a judgment or decree which effect cannot be given." **Id.** (citation omitted).

Here, Appellant purportedly appeals the denial of his petition to vacate the final PFA order. After filing the instant appeal, however, the court *did* vacate the final PFA order and reinstated the temporary PFA order. Moreover, the temporary PFA order was extended "until further order of court" and a hearing was scheduled. We do not know the outcome of that hearing. However, regardless of the outcome of that hearing, the court granted the relief requested by Appellant – vacation of the May 25, 2023 final PFA order. As such, the issue of whether the court abused its discretion in denying Appellant's petition to vacate is moot as our disposition would not have any legal force or effect.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024