J-S03013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ZANTAE WILLIAM WELTNER | : | |
| | : | |
| Appellant | : | No. 418 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 12, 2024
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000789-2022

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: April 22, 2025**

Zantae William Weltner appeals from the judgment of sentence of seven to 14 years' incarceration after he pleaded guilty to aggravated assault and aggravated, indecent assault.[1]  However, because Weltner filed his appeal in the Clerk of Courts of Butler County more than 30 days after the sentencing court entered its final order in the case, we quash this appeal as untimely.

In the early hours of April 17, 2022, Weltner was at a bar in Butler.  ***See*** Affidavit of Probable Cause at 1.  He met a woman there and told her that he wanted to take her home.  She rejected Weltner's advances.

When the woman left the bar, Weltner followed her.  He "knocked her to the ground, and she fell face first."  ***Id.***  Weltner then pinned her face to the ground; pulled down her pants; and inserted his finger into her vagina, twice.  He fled the scene.

---

[1] See 18 Pa.C.S.A. §§ 2702(a)(1) and 3125(a)(2)

Police eventually arrested Weltner. In the fall of 2023, he pleaded guilty to aggravated assault and to aggravated, indecent assault. On January 11, 2024, the court of common pleas sentenced him as described above. The next day, the court amended the sentence to correct the amount of time that Weltner had served. Weltner timely moved to modify his sentence. The trial court denied post-sentence relief on February 29, 2024.

Thirty-nine days later, on April 8, 2024, Weltner filed his notice of appeal with the Clerk of Courts of Butler County.

Upon receiving Weltner's appeal, this Court issued a rule to show cause as to why we should not quash the appeal as untimely. Weltner responded to our show-cause order. This Court discharged the rule and deferred the issue of appellate jurisdiction to this panel.[2]

The question of "appealability of an order goes to the appellate court's jurisdiction." **Williams v. Williams**, 385 A.2d 422, 423 (Pa. Super. 1978) (*en banc*). We "may raise the issue of appellate jurisdiction *sua sponte.*" **Commonwealth v. Cross**, 317 A.3d 655, 657 (Pa. Super. 2024) (some

---

[2] Weltner seeks to raise the following issues on appeal:

1.   Did the [sentencing] court err in its decision regarding the merging of sentences as the court may have considered evidence not of record in its determination?

2.   Did the [sentencing] court err when it did not rule that . . . aggravated, indecent assault and aggravated assault . . . should be merged for purposes of sentencing?

Weltner's Brief at 14.

punctuation omitted). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." ***Id.***

According to Weltner, his appeal is timely, because his attorney mailed a notice of appeal to the clerk of courts in a frame time that should have arrived at the Butler Couty Courthouse before April 1, 2024.[3] He contends that, on March 20, 2024, his attorney e-mailed electronic copies of his notice of appeal to the prosecutor and the judge. ***See*** Response to Superior Court Rule to Show Cause at 1. The Commonwealth and the sentencing court agree with that factual contention. ***See*** Commonwealth's Brief at 6-7; Trial Court Opinion, 7/2/24, at 3.

Weltner also claims that, on March 20, 2024, defense counsel placed three notices of appeal in the U.S. mail, addressed to the Office of the Clerk of Courts of Butler County, the sentencing judge, and the district attorney. ***See*** Response to Superior Court's Rule to Show Cause, Ex. 2 at 1. However, he asserts that the Post Office lost all three letters, and those hardcopies never arrived.

Although Weltner believes that his appeal may proceed, he cites no Rule of Appellate Procedure or any case law for the proposition that this Court has jurisdiction over an appeal after the 30-day appellate deadline has expired.

---

[3] The 30th day after the order denying post-sentence relief fell on March 30, 2024, but that date was a Saturday. When a statutory deadline "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Hence, Weltner had until the following Monday (April 1, 2024) to file his notice of appeal.

*See* Response to Superior Court Rule to Show Cause at 1. Further, Weltner did not move for the sentencing court to reinstate his direct appellate rights, *nunc pro tunc*.

Under Pennsylvania Rule of Appellate Procedure 903(a), "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." In a criminal matter, "If the defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion." Pa.R.Crim.P. 720(A)(2)(a).

Because the 30-day "filing period is jurisdictional in nature, it must be strictly construed and may not be extended as a matter of indulgence or grace." **Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) (citation omitted). "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." **Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014) (citations omitted).

The date of filing an appeal is **not** the date on which appellant or his attorney places the notice of appeal in the mail. The date of an appeal is the date on which the clerk of courts receives it. "Upon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and **that date** shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(3) (emphasis added).

Here, Weltner moved to modify his sentence, and the sentencing court denied his post-sentence motion on February 29, 2024. Accordingly, he had

30 days thereafter to ensure that the clerk of courts received his notice of appeal. The clerk of courts did not receive Weltner's notice of appeal until April 8, 2024, nearly a week-and-a-half after the appellate deadline had run. Thus, Weltner's notice of appeal is facially untimely.

Moreover, his counsel's allegation that the Post Office failed to deliver the notice of appeal, which counsel purportedly mailed on March 20, 2024, does not change our analysis. This unproven fact is irrelevant, because Rule of Appellate Procedure 905(3) makes clear that an appeal is not filed until the clerk of courts physically receives and dockets the notice of appeal. The placing of a notice of appeal in a mailbox does not toll the appellate period or confer jurisdiction upon this Court.

The record is clear that Weltner filed his appeal 39 "days after entry of the order denying [his] motion for reconsideration of sentence, and therefore [it was] not timely filed." **Commonwealth v. Swaby**, 1189 EDA 2023, 1190 EDA 2023, 1191 EDA 2023, 2024 WL 2781985 (Pa. Super. 2024) (non-precedential). Moreover, he "does not assert, nor have we uncovered, anything apparent from the certified records that would excuse the late filings." **Id.** (citing **Commonwealth v. Patterson**, 940 A.2d 498, 499 (Pa. Super. 2007), holding that an order denying a post-sentence motion violated Pa.R.Crim.P. 720, was a "breakdown" in the court system, and therefore permitted this Court to entertain Patterson's untimely appeal).

Finally, even though the Commonwealth agrees that it received an e-mail containing Weltner's notice of appeal on March 20, 2024, the Office of

the District Attorney of Butler County is not clerk of courts. Its receipt of an electric copy is irrelevant to the question of whether Weltner provided the notice of appeal to the clerk of courts for docketing within 30 days of the sentencing court's final order. Additionally, the Commonwealth's consent to appellate jurisdiction does not confer such jurisdiction upon this Court. "Appellate jurisdiction cannot be conferred by mere agreement or silence of the parties where it is otherwise nonexistent." *Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa. Super. 1997).

In short, Weltner filed his appeal more than 30 days after the sentencing court denied his post-sentence motion. As a matter of law, this Court lacks appellate jurisdiction over his appeal. Hence, we quash it as untimely.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/22/2025