J-A28006-25

2025 PA Super 265

MARYJANE HENRY, EXECUTRIX OF THE ESTATE OF SCOTT E. HENRY

    v.

NICHOLAS F. COLANGELO, PH.D., CLEAR BROOK FOUNDATION, INC., ALBERT D. JANERICH, M.D., ALBERT D. JANERICH AND ASSOCIATES, MATTHEW A. BERGER, M.D., AND MATTHEW A. BERGER, M.D., P.C.

APPEAL OF:  MARYJANE HENRY

:  IN THE SUPERIOR COURT OF
:      PENNSYLVANIA
:
:
:
:
:
:
:
:
:
:
:
:
:  No. 79 MDA 2025

Appeal from the Order Entered December 17, 2024
In the Court of Common Pleas of Luzerne County Civil Division at No(s): 201914101

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and LANE, J.

OPINION BY KUNSELMAN, J.:  **FILED: NOVEMBER 26, 2025**

Maryjane Henry, the executrix of her late husband Scott Henry's Estate, appeals from the order granting summary judgment to some, but not all, of the defendants in this negligence and wrongful-death suit.  Because the order is not final and this appeal **_will not_** facilitate resolution of the entire case, we quash Mrs. Henry's appeal as premature.

This Court related the alleged facts in two prior, interlocutory appeals.[1] We need not repeat them, because our decision rests on procedural grounds.

---

[1] The first two appeals were **_Henry v. Colangelo_**, 2021 WL 3737050, 1579 MDA 2020 (Pa. Super. 2021) (non-precedential); **_Henry v. Colangelo_** 2021 WL 3733207, 1580 MDA 2020 (Pa. Super. 2021) (non-precedential).

In November of 2018, Mrs. Henry filed suit for negligence against six defendants: Nicholas Colangelo, Ph.D.; Clear Brook Foundation, Inc.; Albert Janerich, M.D.; Albert D. Janerich and Associates; Matthew Berger, M.D.; and Matthew A. Berger, M.D., P.C. Mrs. Henry's claims arise from the tragic suicide of Mr. Henry, while he was under the outpatient care of the various defendants. Once discovery closed, all defendants moved for summary judgment, which Mrs. Henry opposed.

Following briefing and oral argument, the trial court granted summary judgment to four of the defendants: Dr. Colangelo, Clear Brook Foundation, Dr. Janerich, and Albert D. Janerich and Associates. The court ruled that they owed Mr. Henry no duty to prevent him from killing himself.

Critically, Mrs. Henry alleged factual and legal grounds for negligence against the remaining two defendants, Dr. Berger and his practice (Matthew A. Berger, M.D., P.C.), that were distinct and unrelated to those she alleged against the other four defendants. **See** Second Amended Complaint at ¶¶ 30-83. She contended that Dr. Berger was the last person to treat her husband. Dr. Berger's treatment was separate from and unrelated to whatever treatment Mr. Henry received from the other four defendants. **See id.**

According to Mrs. Henry's theory of the case, Dr. Berger first evaluated Mr. Henry on December 10, 2018 for increased anxiety, increased depression, impaired concentration, ruminations, poor sleep, inability to function, inability to work, and being overwhelmed. Dr. Berger diagnosed him with anxiety

disorder and major depressive disorder and prescribed various medications to Mr. Henry.

Two days later, Mr. Henry called Dr. Berger's office and reported that the medications were not working. However, Dr. Berger and his office staff neglected to return the phone call in a timely manner. The next morning, on December 13, 2018, Mr. Henry committed suicide.

After the trial court granted summary judgment to four out of the six defendants, Mrs. Henry moved that the court certify that order as a final, immediately appealable order. On December 17, 2024, without opinion or explanation of its ruling, the trial court granted Mrs. Henry's motion. The trial court amended its original order to state that it "expressly determines that an immediate appeal will facilitate resolution of this entire case." T.C.O., 12/17/24, at 1.

As explained below, the trial court's unsubstantiated determination of finality was erroneous. Therefore, we lack appellate jurisdiction over the appealed-from order.

"This Court may raise the issue of appellate jurisdiction *sua sponte.*" ***Commonwealth v. Cross***, 317 A.3d 655, 657 (Pa. Super. 2024) (some punctuation omitted). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." ***Id.***

Typically, the appellate jurisdiction of this Court extends to "final orders of the courts of common pleas." 42 Pa.C.S.A. § 742. The summary-judgment order here only disposed of some claims and some parties. Thus, it is not a

"final order" under Pa.R.A.P. 341(b)(1). Even so, an interlocutory order may be "entered as a final order pursuant to subdivision (c) of this rule." Pa.R.A.P. 341(b)(3).

Under that subdivision, the trial court "may enter a final order as to one or more but fewer than all of the claims . . . only [when] an immediate appeal would facilitate resolution of the **entire** case." Pa.R.A.P. 341(c) (emphasis added). A finality certification "should be made only in the most extraordinary circumstances, because such action would frustrate the purpose of the amendments to the Rule" and lead to piecemeal appeals. ***Bailey v. RAS Auto Body, Inc.***, 85 A.3d 1064, 1069 (Pa. Super. 2014).

We have recently said, "Courts must weigh four factors [under Pa.R.A.P. 341] before certifying an order as final . . . ." ***Bosley v. York Hosp.***, 2024 WL 4880099 *1 (Pa. Super. 2024) (non-precedential), *appeal denied* sub nom. ***Bosley v. York Hosp. & WellSpan Health***, 343 A.3d 180 (Pa. 2025), *reconsideration denied* (Pa. 2025). Those four factors are: "(1) whether there is a significant relationship between adjudicated and unadjudicated claims; (2) whether there is a possibility that an appeal would be mooted by further developments; (3) whether there is a possibility that the court . . . will consider issues a second time; and (4) whether an immediate appeal will enhance prospects of settlement." Pa.R.A.P. 341 Comment.

First, the relationship between Mrs. Henry's adjudicated claims against the four dismissed defendants and her remaining claims against the remaining two defendants are not substantial. In fact, a review of the allegations in the

operative complaint reveals that such a relationship is nonexistent. Whether the dismissed defendants negligently treated Mr. Henry prior to Dr. Berger treating him has no impact whatsoever on whether Dr. Berger negligently diagnosed Mr. Henry or whether Dr. Berger prescribed the wrong medications. Furthermore, the acts and omissions of the dismissed defendants have no connection to whether Dr. Berger and his staff unreasonably failed to return Mr. Henry's call for help on the day before he killed himself.

Thus, no decision by this Court on the issue of whether the four defendants were properly dismissed at summary judgment will determine if Dr. Berger and his staff were negligent. Hence, this appeal will not resolve the **entire** case, regardless of what we decide. There is obviously no finality under the first factor; the trial court misapplied this factor, as a matter of law.

Second, the mootness factor disfavors a finding of finality. If the case proceeds to a jury trial against the remaining two defendants, and, if the jury imposes liability on them for Mr. Henry's death, the issues raised in this interlocutory appeal may be mooted. The damages that the Estate sustained from Mr. Henry's death will be the same regardless of who or how many defendants are ultimately found liable for his death.

If a jury rules in favor of Mrs. Henry, Dr. Berger's malpractice insurance will likely be able to make Mrs. Henry and the Estate whole.[2] Therefore, there is a strong possibility that the question of whether the trial court erroneously

_____

[2] If not, this one factor does not weigh against the other three factors to warrant another interlocutory appeal.

granted summary judgment to the four dismissed defendants will become moot by further proceedings before the trial court. The second factor weighs against the trial court's certification of finality.

Turning to the third factor (*i.e.*, reconsidering the appealed issues), the trial court's grant of summary judgment put the dismissed defendants out of court. Thus, there is no chance that the trial court will need to reconsider granting the dismissed defendants judgment as a matter of law prior to a jury verdict being rendered between Mrs. Henry and Dr. Berger. The third factor weighs against a determination of finality.

As for the fourth factor (possibility of settlement), this Court recognizes that a "trial court is better positioned to predict a settlement than we are." **Bosely**, 2024 WL 4880099 *2. Nevertheless, here, the trial court gave no indication that it considered the possibility of a settlement when certifying the appealed-from order as a final order.

Additionally, even if it had, we do not see any reason for Dr. Berger and his practice to settle this case based on whether the other defendants are on trial or not. Because Dr. Berger's threat of liability is separate from theirs, Dr. Berger's willingness to settle has no connection to the other defendants being in or out of the case. Therefore, whether we affirm or reverse the appealed-from order, Dr. Berger will remain just as likely to demand his day before a jury of his peers as he was prior to this appeal. Although a resolution against the other defendants in this appeal may facilitate a future settlement, that is

true of every interlocutory appeal. The likelihood-of-settlement factor does not support the trial court's certification of finality.

On balance, the four Pa.R.A.P. 341(c) factors disfavor a determination of finality. There are no "extraordinary circumstances" to circumvent the ordinary process of awaiting final judgment to hear the issues presented in this appeal, "because such action would frustrate the purpose of the amendments to the Rule." *Bailey*, 85 A.3d at 1069. Mrs. Henry's arguments regarding the grant of summary judgment to four out of six defendants can await a future day, if we ultimately ever need to consider them. As explained, a jury verdict in her favor may render those claims moot.

Pennsylvania appellate courts seek to "avoid piecemeal review, not only out of concern for judicial economy, but out of concern for judicial *accuracy* – because, as a general rule, an appellate court is more likely to decide a question correctly after judgment, where it may consider the claim in the context of a complete adjudication and a fully developed record." *Rae v. Pennsylvania Funeral Directors Assoc.*, 977 A.2d 1121, 1130 n.5 (Pa. 2009) (emphasis in original). Hence, "we endeavor to avoid piecemeal determinations and the consequent protraction of litigation." *Id.* at 1129 n.4. The two prior, pretrial, interlocutory appeals in this case have delayed this case enough.

Appeal quashed. Case stricken from the argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/26/2025