J-S06003-26

2026 PA Super 108

| | | |
|---|---|---|
| NICHOLAS WEIR, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPELLANT | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PITTSBURGH, | : | |
| UNIVERSITY OF PITTSBURGH | : | |
| MEDICAL CENTER, JOHN HORN, | : | |
| KARA BERNSTEIN, VICE DEAN ANN | : | |
| THOMPSON, BOKAI ZHU, MARIAH | : | |
| PASSARELLI, DEREK LUKE, COZEN | : | |
| O'CONNOR, AND SARAH DEARCY | : | No. 1147 WDA 2025 |

Appeal from the Order Entered August 25, 2025
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-24-007263

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

OPINION BY KUNSELMAN, J.:                    **FILED:  May 27, 2026**

In this wrongful-termination, fraud, breach-of-contract, civil-rights, and constitutional-rights case, the *pro se* Plaintiff, Nicholas Weir, appeals as of right[1] from the order denying him a preliminary injunction against Defendants, the University of Pittsburgh and the University of Pittsburgh Medical Center ("UPMC").  Because this Court lacks jurisdiction over appeals of this type, we transfer it to the Commonwealth Court of Pennsylvania.

According to Mr. Weir's Amended Complaint, in the late 2010s, he was a student in the University's graduate program and an employee of UPMC.  By August 2020, he had joined a lab under Dr. Bokai Zhu.  Then, Mr. Weir filed

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** Pa.R.A.P. 311(a)(4).

an internal complaint and a lawsuit in the federal district court, wherein he alleged discrimination and retaliation. According to Mr. Weir, immediately thereafter, the University's faculty became unresponsive and abandoned their mentorship of him.

On August 26, 2020, he filed a second lawsuit in the Court of Common Pleas of Allegheny County. There, he asserted retaliation under Title VI and the Pennsylvania Human Relations Act. In September 2020, defense counsel entered an appearance, which Mr. Weir alleges she failed to serve upon him.

In December 2020, a preliminary-injunction hearing was held before a judge in the Allegheny trial court who disclosed ties to the University. Mr. Weir moved for recusal. The University maintained that Mr. Weir failed to secure a dissertation mentor, while Mr. Weir contended that interference and retaliation prevented him from doing so. The court denied his request for recusal and his motion for a preliminary injunction.

The parties' dispute continued in federal court in 2021, where Mr. Weir again challenged his termination from the program, which he viewed as discriminatory and retaliatory. During the federal proceedings, multiple judges recused themselves due to connections with the University. The University, represented by attorneys from the law firm of Cozen O'Connor, argued that Mr. Weir's dismissal from the program was proper, because he failed to meet academic requirements. The Defendants moved to dismiss the federal complaint, arguing that Mr. Weir failed to plead sufficient facts. The

district court dismissed the complaint with prejudice, and the court of appeals affirmed.

Mr. Weir claims that, throughout the federal litigation, defense counsel made numerous false statements and relied on mischaracterizations of facts and law, which he claims the courts adopted. He also asserts that internal University investigations into his discrimination complaints resulted in disciplinary findings that were never disclosed to him.

Then, in 2024, Mr. Weir commenced this new, third action in the Court of Common Pleas of Allegheny County. In this suit, Mr. Weir also sued Cozen O'Connor and several of the University's defense attorneys.

The trial court consolidated Mr. Weir's 2020 action with this one. The Defendants filed preliminary objections to the complaint, which the trial court sustained. Mr. Weir filed an Amended Complaint.

Therein, he alleged that the University and UPMC violated constitutional and statutory laws. Specifically, Mr. Weir claimed the University and UPMC, as well as other Defendants, conspired to violate his rights under Article I, §§ 1, 6, 11, 26, and 29 of the Constitution of the Commonwealth of Pennsylvania. *See* Amended Complaint at 49, 51. Additionally, Mr. Weir alleged that the University and UPMC, through their defense counsel and Cozen O'Connor, committed fraud in processing his complaints under the Pennsylvania Human Relations Act. *See id.* at 31.

About a week after filing his Amended Complaint, Mr. Weir moved for a preliminary injunction against the University and UPMC to "restore [Mr. Weir's]

*status quo* such as his Ph.D. appointment and scholarship . . . ." Weir's Motion for Preliminary Injunction at 21. Thus, he sought immediate reinstatement to the graduate program of the University and his employment with UPMC.

The trial court denied his motion. Mr. Weir timely appealed.

Before addressing the merits of Mr. Weir's claims, we must determine whether we have jurisdiction over his appeal.

"This Court may raise the issue of [its] appellate jurisdiction *sua sponte.*" **Commonwealth v. Cross**, 317 A.3d 655, 657 (Pa. Super. 2024) (some punctuation omitted). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." **Id.**

"Chapter Seven of the Judicial Code sets forth the 'legislatively ordained division of labor' between appellate courts in Pennsylvania." **Mohn v. Bucks County Republican Comm.**, 218 A.3d 927, 930 (Pa. Super. 2019) (*en banc*) (quoting **Valley Forge Indus., Inc. v. Armand Constr., Inc.**, 374 A.2d 1312, 1316 (Pa. Super. 1977)). In that chapter, the General Assembly has divided appellate jurisdiction among Pennsylvania's three appellate courts.

Mr. Weir contends that we have appellate jurisdiction under 42 Pa.C.S.A. § 742. **See** Weir's Brief at 8. He is incorrect.

Under that statute, "this Court's jurisdiction is limited, and does not extend to appeals which fall within the exclusive jurisdiction of our Supreme Court or the Commonwealth Court." **Mohn**, 218 A.3d at 930. The statute provides, "The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas . . . **except such**

***classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court***." 42 Pa.C.S.A. § 742 (emphasis added). By enacting Chapter 7 of the Judicial Code, "the General Assembly consciously removed a group of cases from this Court's appellate jurisdiction and committed them to a court of specialized appellate jurisdiction." ***Mohn***, 218 A.3d at 930.

Thus, we are a court of residual appellate jurisdiction. In other words, we have jurisdiction over an appeal if, and only if, that appeal does not fall within a class of cases reserved for the other appellate courts.

To determine whether this Court has appellate jurisdiction over Mr. Weir's appeal, we turn to the statutes governing jurisdiction of the Supreme Court and Commonwealth Court to see if our legislature has committed this type of case to either of those courts. If so, transfer to that court is necessary to preserve the legislatively ordained division of labor and expertise among our appellate courts.

Under Section 762(a) of the Judicial Code:

> the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:
>
> \* \* \*
>
> **(5) Certain private corporation matters.--**
>
> (i) All actions or proceedings relating to corporations not-for-profit . . . where is drawn in question the application, interpretation or enforcement of any provision of . . . the Constitution of Pennsylvania or any statute, regulating in any such case the

> corporate affairs of any corporation not-for-profit subject to Title 15 or the affairs of the members, security holders, directors, officers, employees or agents thereof . . . .

42 Pa.C.S.A. § 762(a).

Here, Mr. Weir seeks reversal of an order denying his motion for an injunction to be readmitted to the graduate program of the University and to his employment with UPMC. We take judicial notice of the fact that the University and UPMC are not-for-profit corporations under the Internal Revenue Code.[2] According to the allegations in the Amended Complaint, the University and UPMC allegedly violated Mr. Weir's rights under Article I of the state constitution. He seeks an injunction to end the harm that he is allegedly suffering at the hands of the non-profit corporations.

Therefore, we conclude that this is an action "relating to corporations not-for-profit . . . where is drawn in question the application, interpretation or enforcement of any provision of . . . the Constitution of Pennsylvania . . . regulating . . . the corporate affairs of any corporation not-for-profit . . . or the affairs of the . . . directors, officers, employees . . . ." 42 Pa.C.S.A. § 762(a)(5)(i); *see also Zikria v. West Pennsylvania Hospital*, 668 A.2d

_____

[2] *See* 2/3/16 Letter from United States Internal Revenue Service to University, available at https://www.ppt.pitt.edu/sites/default/files/fed_taxexempt.pdf (last visited 4/23/16). *See also* UPMC, "Separating Fact from Fiction: UPMC's Nonprofit Status," available at https://inside.upmc.com/separating-fact-from-fiction-upmcs-nonprofit-status-2/ (last visited 4/23/16). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction . . . ." Pa.R.E. 201(b). "The court may take judicial notice at any stage of the proceeding." Pa.R.E. 210(d).

173, 173 (Pa. Super. 1995) (where hospital revoked a surgeon's staff privileges and he filed claim for breach of contract, we said, "jurisdiction over this appeal properly lies with the Commonwealth Court, because [the hospital] is a non-profit corporation.").

Accordingly, this appeal falls within a class of cases that the General Assembly has committed to the Commonwealth Court. Transfer to that court is appropriate and necessary. **See Mohn**, **supra** (transferring Election Code appeal to Commonwealth Court, because this Court needed to defer to the expertise of Commonwealth Court on that subject matter). The same concern of deferring to the Commonwealth Court's expertise applies to this appeal, where non-profit corporations are accused of violating the state constitution through alleged misgovernance of a student and employee.

This is especially true where, as here, the University holds *quasi*-public status under the law. "State-related universities" include the University of Pittsburgh. 10 P.S § 374(d). "State-related universities provide a direct public benefit and serve the public purposes of this Commonwealth . . . ." 10 P.S. § 374(a).

Hence, this Court lacks appellate jurisdiction over Mr. Weir's appeal.

Motion to expedite appeal dismissed as moot.

Appeal transferred to the Commonwealth Court of Pennsylvania.[3]

---

[3] **See** 42 Pa.C.S.A. 704(a) (stating that the Superior Court may "otherwise order[]" transfer of an appeal to the appropriate appellate court, even where,
*(Footnote Continued Next Page)*

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 5/27/2026

---

as here, the appellees failed to object to an appellant erroneously appealing to this Court); **see also** 42 Pa.C.S.A. 705 (regarding transfers of appeals between appellate courts).