J-A27041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JM ENTERPRISES, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVE ZUBER | : | No. 713 EDA 2025 |

Appeal from the Judgment Entered April 25, 2025
In the Court of Common Pleas of Monroe County Civil Division at No(s):
000185-CV-2022

| | | |
|---|---|---|
| JM ENTERPRISES, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVE ZUBER | : | |
| | : | |
| Appellant | : | No. 734 EDA 2025 |

Appeal from the Judgment Entered April 25, 2025
In the Court of Common Pleas of Monroe County Civil Division at No(s):
000185-CV-2022

BEFORE:  BOWES, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED MARCH 27, 2026**

In these consolidated cases, Appellant JM Enterprises, LLC ("JM") filed an appeal and Appellee/Cross-Appellant Dave Zuber ("Zuber") filed a cross-appeal from the judgment entered by the Monroe County Court of Common Pleas ("trial court") in favor of Zuber and against JM in the amount of $25,610.60.  Because neither JM nor Zuber filed timely post-trial motions as

required by Pa.R.Civ.P. 227.1, and the trial court had no jurisdiction to consider the parties' request to file post-trial motions nunc pro tunc, the parties waived their claims. We therefore affirm.

This case has an extensive factual history, the majority of which is not relevant to our disposition. Briefly, the parties entered into an agreement whereby JM would paint, rebuild a porch, and complete other work at Zuber's home in East Stroudburg. Zuber was unhappy with JM's workmanship, discharged JM before it completed the job, and did not make a final payment to JM. Zuber completed the work himself.

JM initiated an action against Zuber before the magisterial district court. On December 21, 2021, the magisterial district judge found in favor of Zuber and against JM. JM filed an appeal to the trial court. JM filed a complaint against Zuber on January 28, 2022, raising claims sounding in breach of contract and quantum meruit. Zuber filed an answer, counterclaim, and new matter. In the counterclaim, Zuber raised claims of breach of contract, unjust enrichment, and violations of the Uniform Trade Practices and Consumer Protection Law ("UTPCPL"). The case proceeded to a nonjury trial, which occurred over four days. The trial court entered a verdict on February 7, 2025. The trial court found that although the parties had a written contract, it was unenforceable under the Home Improvement Consumer Protection Act. It further found in favor of JM on JM's quantum meruit claim in the amount of $2,388.37, but that JM was in violation of the UTPCPL in the amount

- 2 -

$23,990.82, and awarded Zuber's request for attorney's fees under the UTPCPL for $4008.15, for a total of $25,610.60 owed to Zuber by JM. Neither party filed post-trial motions.

On March 7, 2025, JM filed a timely notice of appeal, and Zuber filed his cross-appeal on March 19, 2025. They each timely complied with the trial court's order to file concise statements of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On April 14, 2025, this Court entered separate orders directing JM and Zuber, respectively, to show cause as to why their appeals should not be dismissed for failing to file post-trial motions. This Court further noted that judgment had not been entered in the case. We directed both parties to respond within fourteen days.

On April 16, 2025, Zuber filed a motion before the trial court to allow the filing of post-trial motions nunc pro tunc. In his motion, Zuber argued that he did not timely file a post-trial motion because JM never filed a post-trial motion. Instead, according to Zuber, he filed his cross-appeal, as the rules only allow him to do so within fourteen days of the filing of an appeal, and did not file post-trial motions as a result. He requested that the trial court allow filing of his post-trial motion nunc pro tunc, arguing the requirement that he file a cross-appeal in response to JM's appeal established a breakdown in the system. On April 17, 2025, JM filed a similar motion, requesting that

the trial court accept the issues raised in its Rule 1925(b) concise statement as its post-trial motion nunc pro tunc.

On April 17, 2025 and April 21, 2025, respectively, the trial court granted both motions, and indicated that the issues raised in each concise statement would be deemed issues raised in the requested post-trial motion.[1] The trial court further found that because it had disposed of the claims in its opinion accompanying the February 7, 2025 order, the post-trial motions were denied. On April 25, 2025, the trial court entered judgment in favor of Zuber.[2]

Thereafter, the parties filed responses to the rule to show cause, noting that the trial court had denied the motions for post-trial relief nunc pro tunc and judgment had been entered. This Court entered a per curiam order:

> This Court has received a response to the Order of April 14, 2025. Accordingly, the rule is DISCHARGED and the appeal shall proceed.
>
> This ruling, however, is not binding upon this Court as a final determination as to the propriety of the appeal. The parties are advised that the issue may be revisited by the panel assigned to decide the merits of this appeal. The parties should be prepared to address, in their briefs or at the time of oral argument, any concerns the panel may have regarding the issue.

Order, 5/13/2025 (per curiam).

_____

[1] The trial court granted Zuber the relief JM requested in its motion despite Zuber never seeking this relief.

[2] *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

The appeals proceeded with both parties filing briefs, raising numerous claims therein for our review.  **See** JM's Brief at 4; Zuber's Brief at 35.  Despite this Court's directive in the May 13 Order, neither party included any arguments concerning the failure to timely file post-trial motions.

Prior to addressing the merits of the claims raised on appeal, we must first determine whether the parties have preserved their appellate issues.  **See Chongqing Kangning Bioengineering Co. v. Conrex Pharm. Corp.**, 327 A.3d 209, 214 (Pa. Super. 2024) ("This Court may, sua sponte, determine whether issues have been properly preserved for appeal.") (citation omitted). "The issue of waiver presents a question of law, and, as such, our standard of review is de novo, and our scope of review is plenary."  **Id.** (citation omitted).

Rule 227.1 of the Pennsylvania Rules of Civil Procedure mandates that "[p]ost-trial motions shall be filed within ten days after … the filing of the decision in the case of a trial without jury."  Pa.R.Civ.P. 227.1(c)(2).  "If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion." Pa.R.Civ.P. 227.1(c).  This provides "the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review."  **Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Fam. Markets, Inc.**, 52 A.3d 1233, 1248 n.7 (Pa. 2012).  Thus, Rule 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal."  **Board of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.**, 155 A.3d 39, 44 (Pa. 2017)

(citation omitted); *see also Motorists Mut. Ins. Co. v. Pinkerton*, 830 A.2d 958, 964 (Pa. 2003) (noting Rule 227.1 "mandates the filing of post-trial motions after [] a … nonjury trial" and that "parties who wish to appeal must first file post-trial motions") (cleaned up).  "Our Court has consistently refused to entertain appeals from orders or verdicts following nonjury trials in actions at law when no post-trial motions have been filed."  *Lenhart v. Cigna Cos.*, 824 A.2d 1193, 1196 (Pa. Super. 2003); *see also Chongqing Kangning Bioengineering Co.*, 327 A.3d at 214 (noting "[a] party's failure to file post-trial motions does not deprive the appellate court of its jurisdiction to hear the appeal"; instead, "an issue [that] has not been raised in a post-trial motion … is waived for appeal purposes").

Where a party seeks to file an untimely post-trial motion, our Court has stated:

> Pennsylvania courts have consistently held that trial court judges have wide latitude in considering whether to address the merits of post-trial motions that are filed outside the 10-day period required by Rule 227.1.  So long as the court has jurisdiction, it can exercise its equitable powers to hear untimely post-trial motions.  During that 30[-]day period, the trial court has discretion to grant the nunc pro tunc relief.

*Carr v. First Commonwealth Bank*, 335 A.3d 1199, 1206 (Pa. Super. 2025) (cleaned up), *appeal granted on other grounds*, 346 A.3d 751 (Pa. 2025); *see also* 42 Pa.C.S. § 5505; *D.L. Forrey & Assocs., Inc. v. Fuel City Truck Stop, Inc.*, 71 A.3d 915, 920 (Pa. Super. 2013).

The record in the case at bar reflects that following the nonjury trial, the trial court entered a verdict on February 7, 2025. Neither party filed a timely post-trial motion. *See* Pa.R.Civ.P. 227.1(c). Nevertheless, after JM and Zuber each filed a premature appeal and cross-appeal, respectively, the trial court granted the parties' request to file post-trial motions nunc pro tunc over two months after it entered the verdict. The trial court did not have jurisdiction to grant this motion for several reasons. First, more than thirty days had elapsed after the verdict when the trial court granted nunc pro tunc relief. *See Carr*, 335 A.3d at 1206 (stating that a trial court loses jurisdiction to grant nunc pro tunc relief thirty days after the verdict "absent fraud, a breakdown in the operation of the courts, or a nonnegligent happenstance").[3]

_____

[3] As noted above, neither party raises any argument related to the grant of the request to file post-trial motions nunc pro tunc. However, in his petition seeking nunc pro tunc relief, Zuber argued that there was a breakdown in the operation of the courts because JM failed to file post-sentence motions and only filed an appeal, and he therefore had to file a timely cross-appeal, which prevented him from filing a post-trial motion. Zuber presented no authority to support this proposition. A breakdown in the process of the court is found "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Fischer v. UPMC Nw.*, 34 A.3d 115, 120 (Pa. Super. 2011) (citation omitted); *see also id.* ("Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties.") (citation omitted). That did not occur. Moreover, Rule 227.1 is clear and requires any party seeking to preserve issues for appeal to file a timely post-trial motion within ten days of the verdict. *See* Pa.R.Civ.P. 227.1(c). The fact that Zuber only filed the appeal because JM filed one does not allow him to escape the mandate of Rule 227.1. *See D.L. Forrey & Assocs., Inc.*, 71 A.3d at 921

*(Footnote Continued Next Page)*

Further, both parties had filed appeals, which divested the trial court of jurisdiction to enter the orders permitting the filing of the post-trial motions nunc pro tunc. *See* Pa.R.A.P. 1701(a) (stating that "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter"); ***Commonwealth v. McClure***, 172 A.3d 668, 698 (Pa. Super. 2017) ("Rule 1701(a) reflects the fact that once an appeal is filed, jurisdiction over the case is transferred to the appellate court, and the trial court therefore no longer has power to act in it.").

As neither party filed a timely post-trial motion, and the trial court was without jurisdiction to permit the filing of post-trial motions nunc pro tunc, all issues raised on appeal have been waived. ***See Lenhart***, 824 A.2d at 1196; ***see also D.L. Forrey & Assocs., Inc.***, 71 A.3d 919 (concluding that failure to seek post-trial relief waived claims on appeal). On that basis, we are constrained to affirm the decision below.

Judgment affirmed.

_____

("The grant of nunc pro tunc relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights.") (citation omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/27/2026