J-A06040-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| CHRISTOPHER PLUNKETT AND CHRISTINE PLUNKETT | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellants | : | |
| v. | : | |
| | : | No. 844 WDA 2025 |
| ALPHA POWER SPORTS AND SPECIALIZED VEHICLES, LLC AND SEAN MORAN | : | |

Appeal from the Judgment Entered September 3, 2025
In the Court of Common Pleas of Blair County Civil Division at No(s):
2020 GN 1645

BEFORE:  OLSON, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                          **FILED: June 4, 2026**

Christopher and Christine Plunkett (individually, "Christopher" and "Christine," collectively, "Plaintiffs") appeal pro se from the judgment entered by the Blair County Court of Common Pleas against Alpha Power Sports and Specialized Vehicles, LLC ("Alpha").  On appeal, Plaintiffs challenge the trial court's award of damages.  Because we conclude that Plaintiffs waived all issues on appeal, we affirm.

This case involves a dispute between Plaintiffs on the one side and Alpha and its owner, Sean Moran ("Moran"), (collectively, "Defendants"), on the other, concerning an Arctic Cat Textron Stampede side-by-side all-terrain vehicle ("ATV").  Plaintiffs claimed that Defendants unlawfully kept possession of the ATV after Plaintiffs sent it to Defendants for repairs.

By way of background, in August 2018, Plaintiffs purchased the ATV from Alpha. They made a $2,500.00 down payment and financed the remaining $13,464.00 through Roadrunner Account Services ("Roadrunner"). Plaintiffs regularly used the ATV without issue from August 2018 until January 2020.

On January 22, 2020, Plaintiffs sent the ATV to Alpha for a roof installation and regular maintenance. Immediately after Alpha returned the ATV to Plaintiffs, they started the vehicle and noticed that it was not working properly. Plaintiffs sent the ATV back to Alpha and Moran contacted them shortly thereafter to inform them that the ATV needed a new clutch as there was a factory recall out for that part. Moran told Plaintiffs that Alpha would handle the necessary repairs. After Alpha completed the repairs and returned the ATV to Plaintiffs, they again started the vehicle and noticed the ATV was still not running properly. On January 27, 2020, Plaintiffs sent the ATV back to Alpha for further repairs. Although Plaintiffs reached out to Moran a number of times over the next several months seeking the return of the ATV, Alpha never returned the vehicle to Plaintiffs. Eventually, Moran advised Plaintiffs that he had sent the ATV to his storage facility and that he would not be returning it to Plaintiffs because they owed Alpha money for the clutch repair and storage fees.

Despite not having possession of the ATV, Plaintiffs alleged that they continued to make payments to Roadrunner through February 25, 2021. On

February 26, 2021, however, Roadrunner repossessed the ATV from Alpha's storage facility.

In the meantime, on July 20, 2020, Plaintiffs filed a complaint against Defendants in which they raised claims of breach of contract and conversion. Following the filing of amended complaints, Defendants filed an answer with new matter. The case proceeded to arbitration and subsequently to the trial court for a de novo bench trial, which occurred on June 18, 2025. On June 20, 2025, the trial court entered a "Verdict & Order" in which it found in favor of Defendants as to Plaintiffs' breach of contract claim but in favor of Plaintiffs as to their conversion claim and entered judgment in favor of Plaintiffs in the amount of $1,431.00.[1] **See** Verdict & Order, 6/20/2025. On June 27, 2025, Plaintiffs filed a motion for reconsideration in which it requested that the trial court modify its damages award on their conversion claim, asserting they were entitled to the fair market value of the ATV. **See** Motion for Reconsideration, 6/27/2025, ¶ 6. On July 1, 2025, the trial court denied Plaintiffs' motion for reconsideration, and they subsequently filed a timely appeal to this Court.

On August 28, 2025, this Court entered an order finding that the trial court had prematurely entered judgment, as the court's "Verdict & Order" purported to enter judgment simultaneously with its verdict. **See** Order,

---

[1] The trial court stated that it entered judgment solely against Alpha because "Plaintiffs have presented no evidence that indicates that the … transactions were with [Moran], as opposed to the LLC. Trial Court Opinion, 6/20/2025, at 8.

- 3 -

8/28/2025, at 1; *see also Jenkins v. Robertson*, 277 A.3d 1196, 1198-99 (Pa. Super. 2022) (holding that where judgment was entered simultaneously with a nonjury verdict and before the ten-day period for filing a post-trial motion expired, judgment was premature and, therefore, void). Additionally, we observed that the trial court did not enter a final judgment after disposition of Plaintiffs' motion for reconsideration/post-trial motion. *See* Order, 8/28/2025, at 1; *see also Gemini Equip. Co. v. Pennsy Supply, Inc.*, 595 A.2d 1211, 1214 (Pa. Super. 1991) (stating that a motion for reconsideration asking the trial court to affirm, modify, or change its decision performs the same function as post-trial motions under Pennsylvania Rule of Civil Procedure 227.1). We therefore vacated the portion of the trial court's June 20, 2025 order to the extent that it purported to enter judgment and directed Plaintiffs to praecipe the trial court to enter final judgment. *See* Order, 8/28/2025, at 2. Plaintiffs complied and the trial court entered judgment on September 3, 2025.

Plaintiffs present the following issues for review:

1. Whether the trial court erred in awarding damages for the conversion of [Plaintiffs' ATV] that were significantly below the fair market value.

2. Whether the trial court abused its discretion by failing to consider punitive and consequential damages, including loss of use and harm to [Plaintiffs'] credit.

3. Whether the trial court erred in excluding or disregarding relevant evidence, including proof of timely payments and [Plaintiffs'] lack of knowledge of the [ATV]'s whereabouts.

- 4 -

4. Whether the trial court erred in denying [Plaintiffs'] timely request for a jury trial.

5. Whether the trial court erred in dismissing related claims or limiting testimony and documentary evidence, depriving [Plaintiffs] of the full opportunity to present claims.

6. Whether [Plaintiffs were] prejudiced by prior counsel's ineffectiveness and by the cumulative errors of the trial court, resulting in a denial of a fair proceeding.

Plaintiffs' Brief at iv-v.

Prior to addressing the merits of the claims raised on appeal, we must first determine whether Plaintiffs have preserved their appellate issues. *See* ***Chongqing Kangning Bioengineering Co. v. Conrex Pharm. Corp.***, 327 A.3d 209, 214 (Pa. Super. 2024) ("This Court may, sua sponte, determine whether issues have been properly preserved for appeal."). "The issue of waiver presents a question of law, and, as such, our standard of review is de novo, and our scope of review is plenary." ***Id.*** (citation omitted).

Rule 227.1 of the Pennsylvania Rules of Civil Procedure mandates that "[p]ost-trial motions shall be filed within ten days after … the filing of the decision in the case of a trial without jury." Pa.R.Civ.P. 227.1(c)(2). "If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion." Pa.R.Civ.P. 227.1(c). This provides "the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." ***Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Fam. Markets, Inc.***, 52 A.3d 1233, 1248 n.7 (Pa. 2012). Thus, Rule 227.1 "requires parties to file post-

trial motions in order to preserve issues for appeal." ***Bd. of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.***, 155 A.3d 39, 44 (Pa. 2017) (citation omitted); ***see also Motorists Mut. Ins. Co. v. Pinkerton***, 830 A.2d 958, 964 (Pa. 2003) (noting Rule 227.1 "mandates the filing of post-trial motions after [ ] a … nonjury trial" and that "parties who wish to appeal must first file post-trial motions") (cleaned up).  All claims to be raised on appeal must first be raised in a post-trial motion; "an issue [that] has not been raised in a post-trial motion … is waived for appeal purposes." ***Bd. of Supervisors of Willistown Twp.***, 155 A.3d at 44 (citation omitted).

The record in the case at bar reflects that following the nonjury trial, the trial court entered a verdict on June 20, 2025.  Plaintiffs filed a timely motion for reconsideration/post-trial motion on June 27, 2025.  Plaintiffs, however, only included therein the first issue they now raise on appeal—namely, that the trial court erred in awarding damages on their conversion claim that were below the fair market value of the ATV.  ***See*** Motion for Reconsideration, 6/27/2025, ¶¶ 1-6.  Because Plaintiffs failed to raise their remaining five issues in their post-trial motion, they have waived all but their first issue on appeal for failing to adhere to Rule 227.1.  ***See Chongqing Kangning Bioengineering Co.***, 327 A.3d at 214.

Turning to their first issue, Plaintiffs argue that the trial court erred in failing to award them $16,599.00—the alleged fair market value of the ATV—on their conversion claim.  Plaintiffs' Brief at 1.  Plaintiffs' argument of this

issue, however, is a single paragraph that is roughly five lines in length and is entirely undeveloped. *See id.* Plaintiffs cite a single case for which they provide no discussion or analysis, and they do not provide any citations to the record to support their claim. *See id.* In sum, Plaintiffs' argument is nothing more than a bald assertion that the trial court should have awarded them the fair market value of the ATV. *See id.*

Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides that "[t]he argument shall be divided into as many parts as there are questions to be argued … followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under [Rule] 2119." *Llaurado v. Garcia-Zapata*, 223 A.3d 247, 257-58 (Pa. Super. 2019) (quotation marks and citations omitted). This Court "shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Additionally, our review of the record reveals that significant portions of the original record are missing, including the trial transcript and exhibits. "It is well settled that it is an appellant's duty to ensure that the certified record is complete for purposes of review." *Imbrenda v. Imbrenda*, 350 A.3d 1061, 1066 n.1 (Pa. Super. 2026) (quotation marks and citation omitted). "Appellate courts are limited to considering only those facts that have been

duly certified in the record on appeal." ***Bailer v. Shipley Energy Co.***, 338 A.3d 1026, 1035 n.9 (Pa.Super., 2025) (quotation marks and citation omitted). Thus, even if Plaintiffs had developed their argument before this Court, we would be unable to decide it without critical portions of the record.

Accordingly, we conclude that Plaintiffs have waived the sole issue they have preserved on appeal for lack of development.[2] Without a developed argument and in the absence of the record required for us to conduct our review, there is simply no basis upon which we could grant Plaintiffs relief.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/04/2026

---

[2] We emphasize to Plaintiffs that "[a]lthough this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Norman for Est. of Shearlds v. Temple U. Health Sys.***, 208 A.3d 1115, 1118-19 (Pa. Super. 2019) (citation omitted).